[Civ. No. 55257. Second Dist., Div. Five, Aug. 29, 1979.]

COUNTY OF LOS ANGELES, Plaintiff and Respondent, v.
DAVID WAYNE ESTES, Defendant and Appellant.

514

**COUNSEL**

Joseph E. Baker for Defendant and Appellant.

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Sterling S. Suga, Deputy District Attorneys, for Plaintiff and Respondent.

**OPINION**

**HASTINGS, J.**—David Wayne Estes is appealing from a judgment determining that he is the father of the minor child Damien Michel Estes, born out of wedlock to Betty Jean Alexander, and ordering appellant to pay the sum of $125 per month child support.

Appellant was served by mail with the complaint to establish paternity and he responded by filing in pro. per. an unverified answer denying he was the father. Shortly thereafter, counsel for respondent, the County of Los Angeles, Terry M. Weiss, telephoned the appellant and informed him about the UCLA Human Leukocyte Antigen (HLA) test. The procedure for making an appointment for said test and its costs were explained to appellant, according to Weiss. After this conversation, appellant was sent a "Stipulation Re Blood Tests and Order." He was also sent interrogatories to answer. Approximately a month later, Weiss again telephoned appellant, told him that the answers to the interrogatories were due, and asked him if he intended to take the HLA blood test. On this last telephone call, Weiss stated that appellant "became very irate and used profanities," therefore he terminated the conversation.

The case went to trial on November 4, 1977, and the presiding judge asked appellant whether he was ready to proceed to trial without assistance of legal counsel. Appellant answered that he was ready for trial. The matter was assigned to Commissioner Boisvert for trial. The commissioner asked appellant if he was prepared to proceed without an attorney, and appellant answered in the affirmative. The mother testified at length, giving times and dates concerning her contacts with appellant, and when they had sexual intercourse. Although there was conflicting testimony between the mother and appellant, there was sufficient evidence to support the court's finding that appellant was the father of the minor child. On appeal, the judgment is not challenged for insufficient evidence.

At the end of the mother's testimony, appellant was given an opportunity to cross-examine her and the following colloquy took place:

"THE COURT: . . . Now, any questions you'd like to ask this woman? concerning her testimony?

"THE DEFENDANT: Yes, at this time I do; but I don't feel competent to cross examine, and I'd like to call for a recess and have time to obtain proper counsel.

"THE COURT: You should have asked for that at the beginning of the hearing. At this point I will have to deny the motion to recess for counsel.

"THE DEFENDANT: Okay. I will attempt to cross examine."

■ Appellant's first argument on appeal is that the failure of the trial court to advise him of his right to obtain a continuance to obtain counsel constituted a denial of due process and equal protection of the law as guaranteed by the United States and the California Constitutions.

In the midst of trial, appellant was asked why he did not have an attorney. His response was as follows: "Well, I could have had an attorney, but it was my contention the case was baseless anyway, so I didn't see why I should go through the expense and trouble of obtaining legal counsel. I felt competent." His own statement rejects his contention that he was denied his right to counsel prior to trial. It demonstrates that he made his own independent determination not to have counsel and to proceed in pro. per. status. He had adequate notice prior to trial and had sufficient time to obtain an attorney if he wanted one. Appellant is not wanting in education, or basic intelligence. He is employed, or was at the time, by Bell & Howell Company as a field engineer, earning about $15,000 a year. *Faretta* v. *California*, 422 U.S. 806, 834 [45 L.Ed.2d 562, 581, 95 S.Ct. 2525], and *People* v. *McDaniel*, 16 Cal.3d 156, 164 [127 Cal.Rptr. 467, 545 P.2d 843], recognize that in a criminal trial a defendant has a constitutional right to represent himself without any assistance of counsel because he has a basic right of freedom of choice; and defendant need not possess any technical knowledge in order to exercise this choice. This is not a situation where appellant is entitled to legal counsel because he is indigent. This is simply a case where the appellant made his own choice to represent himself, which he is entitled to do under both the United States and the California Constitutions; therefore, there was no denial of due process or equal protection of the law.

■ Appellant's second issue on appeal is somewhat difficult to follow, but he states it as follows: "The court abused its discretion in that it did not inform the appellant of methods of positively resolving the issue of paternity by the UCLA (HLA) test." The record discloses that he was given sufficient time to consider whether he would make the choice of agreeing to a "Stipulation Re Blood Tests and Order" as early as May 27, 1977. He was timely informed by the deputy district attorney of the availability of the test and asked whether he would stipulate to take such test. Subsequently, he was telephoned by the deputy district attorney who

inquired about his response to the interrogatories and his desires concerning the test. However, appellant "became very irate and used profanities," and this conversation was terminated. The same deputy district attorney sent the stipulation for the blood test to appellant, and appellant had ample time to telephone the UCLA medical lab and inquire as to the nature of the blood test. He was furnished the number of the medical lab.

Appellant did not raise this issue until his motion for a new trial. At that time, he asked permission to take the blood test.

Code of Civil Procedure section 657 sets forth the standards required for the granting of a new trial. In pertinent part, they are as follows: "1. Irregularity in the proceedings . . . or any order of the court or abuse of discretion by which either party was prevented from having a fair trial. . . . 3. Accident or surprise . . . . 4. Newly discovered evidence. . . . 6. Insufficiency of the evidence to justify the verdict or other decision, or the verdict . . . against law. 7. Error in law. . . ."

Appellant's basis for requesting a new trial is not included in the above section. He was not denied the blood test; rather, he was given adequate notice and opportunity that would enable him to make his decision to take the test well before the trial. It is quite possible that appellant was fearful of taking the test until such time as the court made its determination that he was the father. After the court's determination, appellant had nothing to lose by taking the test and now he seeks the court's refusal as an issue on appeal. Appellant had his day in court and the record clearly indicates that he made his decision to present his defense while acting as his own attorney and without the blood test. He cannot now claim that his choice of options was wrong.[1]

Appellant makes one other argument under this issue that requires a response. He claims there was error in not ordering the test because the trial court said he would do so if he paid costs of $750 to the County of Los Angeles and he accepted. It is true the trial court made such a suggestion but it was opposed by the county. Opposition was based on the

---

[1]The court's comments on this point are noteworthy: "THE COURT: Well, let's face it. He was in here the last time and he wouldn't take the blood test. [¶] This man is an intelligent man. This isn't the run-of-the-mill person who doesn't understand. [¶] I want this to go on the record: He seemed to be very intelligent; and now he comes in; he's got another bow to a string; he's added another bow. He had his day; he lost. Now he wants to come in and do it all over again so he can get another crack at it."

fact that appellant's motion did not comply with Code of Civil Procedure section 657. The court, after hearing the county's argument, agreed with its position. Accordingly, there was no agreement binding on the court and there was no error.[2]

The judgment is affirmed.

Kaus, P. J., and Ashby, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 25, 1979.

---

[2]The recent case of *County of Fresno* v. *Superior Court,* 92 Cal.App.3d 133 [154 Cal.Rptr. 660] does not mandate a different result. There the county, before final determination of defendant's parenthood, sought an order requiring defendant to take the test and he objected. The court held he was required to take the test. Here, however, the request is by defendant after conclusion of a trial in which he clearly waived his rights to take the test.